**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

MARK RISHELL AND DIANA RISHELL,

    **Plaintiffs,**

             **v.**

MEDICAL CARD SYSTEM, INC. *et al.*,

    **Defendants.**

**Civil No.** 13-1113 (FAB)

**OPINION AND ORDER**

BESOSA, District Judge.

Before the Court are defendants Medical Card System, Inc.'s ("MCS") and Maritza I. Munich's ("Munich") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"); defendants' supplemental motion to dismiss; and all relevant replies and surreplies. (Docket Nos. 8, 20, 26, 31, & 36.) Having considered the parties' filings, the Court **GRANTS** defendant MCS' motion to dismiss for the reasons discussed below.

I. **BACKGROUND**

    A. **Procedural History**

On April 13, 2012, plaintiff Mark Rishell ("plaintiff Rishell") and plaintiff Diana Rishell ("plaintiff Diana Rishell") (collectively "plaintiffs"), filed a complaint seeking to enforce a bylaw that required defendant MCS to prepay plaintiff Rishell's attorney's fees. Civil No. 12-1249 ("the Advancement Action").

Plaintiff Rishell filed claims for breach of bylaws and breach of an employment agreement, as well as a request for declaratory judgment and a claim for fees on fees in accordance with MCS' bylaws. <u>Id.</u> Plaintiff Diana Rishell sought tort damages pursuant to article 1802 of the Puerto Rico Civil Code. <u>Id.</u> Ruling on defendants' motion to dismiss, the Court dismissed plaintiffs' claims with prejudice on February 28, 2013. Plaintiffs appealed this ruling on March 29, 2013.[1]

On February 7, 2013, plaintiffs filed this action against MCS and Munich seeking (1) enforcement of a different bylaw requiring defendant MCS to "indemnify" plaintiff Rishell for the legal fees and expenses connected to the investigation raised in the first complaint, and (2) to recover damages against both defendants in tort. (Docket No. 1.) Defendants moved to dismiss plaintiffs' claims on April 24, 2013. (Docket No. 8.) On June 3, 2013, plaintiffs filed an amended complaint adding a claim for indemnification of legal fees incurred by Holland & Knight in relation to a Puerto Rico state court action against plaintiff Rishell (the "State Court Action"). (Docket No. 11.) Defendants filed a supplemental motion to dismiss on July 11, 2013 (Docket No. 20), plaintiffs filed an opposition on August 5, 2013 (Docket

---

[1] As the appeal in this case remains pending, the Court's previous ruling has no *res judicata* effect on the current case.

No. 26), defendants filed an opposition on August 23, 2013 (Docket No. 31), and plaintiffs filed a surreply on September 9, 2013. (Docket No. 36.)

Plaintiffs invoke subject-matter jurisdiction over the Puerto Rico claims pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds $75,000 and there is complete diversity of citizenship between the defendants (MCS is a Puerto Rico corporation and Munich is a resident of Puerto Rico) and the plaintiffs (Mark and Diana Rishell are residents of Florida). (Docket No. 11 at ¶¶ 3-4.)

**B.    Factual Background**

For the purposes of the motion to dismiss, the Court treats all "properly pled factual allegations" as true and draws all reasonable inferences in plaintiff's favor.  Ocasio-Hernandez v. Fortuño-Burset, 640 F.3d 1, 11-12 (1st Cir. 2011).

In 2007, defendant MCS employed plaintiff Rishell as its Chief Financial Officer, and it subsequently promoted him to Chief Executive Officer.  (Docket No. 11 at p. 2.)  In October of 2011, the U.S. Department of Health & Human Services and the U.S. Attorney's Office for the District of Puerto Rico began investigating defendant MCS.  Id. at p. 6.  They targeted only a few officers, including plaintiff Rishell, in their investigation (hereinafter "the Investigation").  Id.

On October 14, 2011, Munich — general counsel for MCS —
met with Rishell regarding the Investigation and informed him that
"MCS was going to take care of engaging an attorney for him," that
she and MCS "were going to look after his best interests and that
MCS would be covering all legal expenses associated with the
Investigation." Id. at p. 6.  Munich subsequently identified and
negotiated to retain Francisco Rebollo-Casuldec on plaintiff
Rishell's behalf.  Id. at p. 7.  On November 7, 2011, Rebollo and
Munich signed a professional services agreement, then submitted the
agreement to plaintiff Rishell for his signature.  Id.  Rishell,
relying on Munich to protect his interests, did not read the
agreement prior to signing it.  Id.  During this process, no MCS
representative ever indicated to plaintiff Rishell that MCS's
commitment to cover Rishell's expenses associated with the
Investigation had any conditions.  Id.  No MCS representative sent
plaintiff Rishell an undertaking or informed him that he would lose
his rights to advancements under bylaw 6.2 if he did not provide an
undertaking.  Id. at p. 8.

In October of 2011, MCS executed plaintiff Rishell's
employment agreement, with an effective date of June 1, 2011.  Id.
at p. 8.  As part of plaintiff Rishell's employment agreement,
defendant MCS agreed to maintain indemnification provisions in its
bylaws that were "no less favorable than those in effect as of the

effective date of [the contract]." Id. at p. 8.  MCS drafted the

bylaws. Id. at p. 5.  The relevant provision of the bylaw covering

indemnification, the applicability of which is disputed in this

case, states:

> The Corporation shall indemnify and hold
> harmless, to the fullest extent permitted by
> applicable law as it presently exists or may
> hereafter be amended, any person who was or is
> made or is threatened to be made a party or
> who is otherwise involved in any action, suit
> or proceeding, whether civil, criminal,
> administrative or investigative (a
> "proceeding") by reason of the fact that he,
> or a person for whom he or she is the legal
> representative, is or was a director or
> officer of the Corporation or is or was
> serving at the request of the Corporation as a
> director, officer, employee or agent of
> another corporation or of a partnership, joint
> venture, trust, enterprise or nonprofit
> entity, including service with respect to
> employee benefit plans, against all liability
> and loss suffered and expenses (including
> attorneys' fees) reasonably incurred by such
> person, but only if such person acted in good
> faith and in a manner which he or she
> reasonably believed was in the best interests
> of the Corporation; or not opposed to such
> interests and, with respect to any criminal
> action or proceeding, such person did not have
> reasonable cause to believe that his or her
> conduct was illegal.  The Corporation shall be
> required to indemnify a person in connection
> with a proceeding (or part thereof) initiated
> by such person only if the proceeding (or part
> thereof) was authorized by the Board of
> Directors of the Corporation, but only if such
> person acted in good faith and in a manner
> which he or she reasonably believed was in the
> best interests of the Corporation, or not
> opposed to such interests.

(Docket No. 1-2 at p. E-8 sec. 6.1.)

Additionally, the bylaws contain a section providing for prepayment of legal expenses, the applicability of which was disputed in the Advancement Action, which states:

> The Corporation shall pay the expenses (including attorneys' fees) incurred in defending any proceeding in advance of its final disposition, provided, however, that the payment of expenses incurred by a director or officer in advance of the final disposition of the proceeding shall be made only upon receipt of an undertaking by the director or officer to repay all amounts advanced if it should ultimately be determined that the director or officer is not entitled to be indemnified under this Article or otherwise.

Id. at sec. 6.2.

The bylaws specify the procedure that must be followed to pursue an indemnification claim in court:

> If a claim for indemnification or payment of expenses under this Article is not paid in full within sixty (60) days after a written claim therefor has been received by the Corporation, the claimant may file suit to recover the unpaid amount of such claim and, if successful in whole or in part, shall be entitled to be paid the expense of prosecuting such claim. In any such action the Corporation shall have the burden of proving that the claimant was not entitled to the requested indemnification of expenses under applicable law.

Id. at sec. 6.3.

In December 2011, defendant MCS terminated plaintiff
Rishell from his position as Chief Executive Officer of the
company. (Docket No. 11 at p. 8.) Despite her awareness that
Rishell would be terminated, Munich never told Rishell that he
needed to take steps to protect his advancement rights. Id. at
p. 8. Subsequently, in February 2012, plaintiff Rishell retained
the law firm Black, Srebnick, Kornspan & Stumpf, P.A., ("BSK&S"),
following Mr. Rebollo's recommendation. Id. at p. 9. Plaintiff
Rishell then sent a letter to defendant MCS through his counsel
informing it that he had retained BSK&S. (Docket No. 1-3.) He
asked defendant MCS to pay the retainer and deposit, he promised to
repay the advancements if he was found ineligible for
indemnification, and he included a written undertaking. Id.

Defendant MCS refused to pay the retainer and deposit, or
any other expense connected with BSK&S. (Docket No. 11 at p. 9.)
In addition to plaintiff Rishell's promise to repay the advance if
he was not eligible for indemnification, defendant MCS required
plaintiff Rishell to sign an "Undertaking and Cooperation
Agreement" that compelled both parties to cooperate with an
indemnification claim. (Id.; Docket No. 1-4.) Plaintiff Rishell
refused to sign the agreement, and defendant MCS stopped paying the
advancement of fees for Mr. Rebollo's representation. (Docket
No. 11 at p. 10).

Plaintiff Rishell subsequently filed suit in the Advancement Action on April 14, 2012.  (Docket No. 11 at p. 10.) On February 28, 2013, the Court dismissed the complaint in that case, finding that advancement rights pursuant to bylaw 6.2 could only be exercised by current employees for fees reasonably incurred.  Rishell v. Med. Card Sys., Inc., 925 F. Supp. 2d 211 (D.P.R. 2013).  On December 19, 2012, plaintiff Rishell submitted a written claim to MCS requesting indemnification for his expenses in connection with the Investigation, offering to accept "for the time being" the highest hourly rate that MCS was paying its counsel.  (Docket No. 1-5.)  MCS denied the claim on January 3, 2013.  (Docket No. 1-6.)  On February 19, 2013, plaintiff Rishell submitted an additional written claim to MCS seeking advancement and/or indemnification of expenses associated with litigation pending before the Court of First Instance in Puerto Rico (the "State Court Action").  (Docket No. 11-7.)  MCS also denied this claim.  (Docket No. 11 at p. 13.)

Plaintiffs allege that Munich's conduct was tortious and that it caused economic damages and mental anguish to plaintiff Rishell and that MCS is vicariously liable for Munich's actions. Id. at pp. 15-16.  Plaintiffs further allege that MCS's refusal to indemnify Rishell constitutes a breach of the bylaws and of Rishell's employment agreement.  Id. at pp. 16-18.  Plaintiffs also

allege that plaintiff Diana Rishell is entitled to recover damages
caused by both defendants' tortious conduct.  Id. at 19.

## II.  LEGAL STANDARD

Rule 12(b)(6) permits the Court to dismiss a complaint that
fails to state a claim upon which relief can be granted.
Fed.R.Civ.P. 12(b)(6).  When assessing whether a plaintiff's
complaint provides "fair notice to the defendants" and states "a
facially plausible legal claim," the Court must utilize a
two-pronged approach.  See Ocasio-Hernández v. Fortuño-Burset, 640
F.3d 1, 11-12 (1st Cir. 2011).  First, the Court can disregard
statements that "offer legal conclusions couched as fact," because
the plaintiff must do more than "parrot the elements of the cause
of action."  Id. at 12.  Second, the Court is bound to treat all
"properly pled factual allegations" as true and draw all reasonable
inferences in the plaintiff's favor.  Id.

Pursuant to Rule 12(b)(6), a court must base its determination
solely on the material submitted as part of the complaint or
central to it.  Fudge v. Penthouse Int'l. Ltd., 840 F.2d 1012, 1015
(1st Cir. 1988).  Generally, "a court may not consider documents
that are outside of the complaint, or not expressly incorporated
therein, unless the motion is converted into one for summary
judgment."  Alt. Energy, Inc. v. St. Paul Fire & Marine Ins. Co.,
267 F.3d 30, 33 (1st Cir. 2001).  "When . . . a complaint's factual

allegations are expressly linked to - and admittedly dependent upon
- a document (the authenticity of which is not challenged),
[however,] that document effectively merges into the pleadings and
the trial court can review it in deciding a motion to dismiss under
Rule 12(b)(6)." Beddall v. State St. Bank & Trust Co., 137 F.3d
12, 17 (1st Cir. 1998) (internal citation omitted).

The factual material pled must be sufficient "to raise a right
to relief above the speculative level," and to permit the Court to
"draw the reasonable inference that the defendant is liable for the
misconduct alleged." Ocasio-Hernandez, 640 F.3d at 12 (quoting
Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). The Supreme Court
has held  that a plaintiff's pleading must cross "the line between
possibility and plausibility." Bell Atlantic Corp. v. Twombly, 550
U.S. 544, 577 (2007). A district court should not attempt to
forecast the likelihood of success even if proving the alleged
facts is "improbable." Id. at 556. A complaint that contains a
plausible basis for relief, therefore, "may proceed even if it
appears that a recovery is very remote and unlikely." Id. at 556
(internal citation omitted). The Court draws "on its judicial
experience and common sense" in evaluating the complaint's
plausibility. Grajales v. P.R. Ports Auth., 682 F.3d 40, 44 (1st
Cir. 2012) (internal citation omitted).

**III. DISCUSSION**

**A.   Count I: Plaintiff Rishell's Tort Claim Against Munich and MCS**

Plaintiffs contend that Munich, while acting as Rishell's attorney in connection with the Investigation, made misrepresentations to Rishell that caused him to fail to protect his advancement rights under the bylaws. (Docket No. 11 at pp. 14-16.) Plaintiffs contend that Munich and MCS are liable to Rishell for the damages caused to him by the denial of his advancement of fees. <u>Id.</u> Defendants MCS and Munich move to dismiss this claim because plaintiffs fail to allege the necessary element of causation, and because it is time-barred. (Docket No. 8 at pp. 9-11, 19-25.)

To state a claim pursuant to article 1802 of the Puerto Rico Civil Code, a plaintiff must allege "(1) the presence of a physical or emotional damage; (2) that the damage arose as a consequence of a negligent or intentional act or omission of the defendant; and (3) that there is a causal nexus between the damage suffered and said act or omission." <u>Torres v. KMart Corp.</u>, 233 F. Supp. 2d. 273, 275-76 (D.P.R. 2002) (internal citation omitted); P.R. Laws Ann. tit. 31, § 5141 (2012). Article 1803 of the Civil Code allows for employers to be held vicariously liable for "any damages caused by their employees in the service of the branches in

which the latter are employed or on account of their duties." P.R.
Laws Ann. tit. 31, § 5142.

Plaintiffs' tort claim "is simply an old wine in a new
bottle: we already have refuted the substance of this argument . .
. and we see no point in decanting it again." Culhane v. Aurora
Loan Services of Nebraska, 708 F.3d 282, 294 (1st Cir. 2013). In
the Advancement Action, the Court dismissed Rishell's claim for
breach of bylaw 6.2, finding that (1) advancement rights applied
only to *present* and not former employees; (2) Rishell failed to
allege that the fees sought were reasonable; and (3) in the
alternative, Rishell failed to comply with the requirement of a
signed undertaking, and was thus not entitled to advancement
pursuant to MCS's bylaws. Rishell, 925 F. Supp. 2d at 216-20. In
other words, the Court found that Rishell was ineligible for
advancement rights pursuant to MCS's bylaws for reasons independent
of any action, whether wrongful or not, taken by Munich. Thus,
plaintiffs fail to allege a causal nexus linking Munich's conduct
to plaintiff Rishell's damages. Plaintiffs' attempt to repackage
a failed claim in a new cause of action is unavailing.

Defendants also contend that plaintiff Rishell's tort
claim, insofar as it relates to the State Court Action, is barred
by the statute of limitations. (Docket No. 20 at p. 9-11.) The
Court is mindful that an order of dismissal at the 12(b)(6) stage

may be based on a statute of limitations defense only if the documents considered "show beyond doubt that the claim is asserted out of time." Rodi v. Southern New England School of Law, 389 F.3d 5, 17 (1st Cir. 2004).  Pursuant to Puerto Rico law, the statute of limitations for tort claims is one year.  P.R. Laws Ann. tit. 31, § 5298(2).  The prescriptive period begins to run "when the injured party knew or should have known of the injury and of the likely identity of the tortfeasor."  Tokyo Marine and Fire Ins. Co., Ltd. v. Perez & Cia., de Puerto Rico, Inc., 142 F.3d 1, 3 (1st Cir. 1998).  The alleged tortious conduct by Munich related to the State Court Action occurred between October and December, 2011.  (Docket No. 11 at pp. 6-8.)  Plaintiff Rishell, however, did not learn of his injury until after February 13, 2013, when MCS denied his request for indemnification.  (Docket No. 11 at ¶ 55.)  Since the amended complaint including the State Court Action claim was filed on June 3, 2013, plaintiff's tort claim regarding the State Court Action was timely brought and withstands the motion to dismiss based on statute of limitations.

Nevertheless, because Rishell fails to state a facially plausible tort claim for relief against Munich and MCS, Count I is **DISMISSED WITH PREJUDICE.**

**B.   Count II: Plaintiff Rishell's Claim that Defendant MCS Breached its Bylaws**

Defendant MCS contends that it did not breach its bylaws with respect to its refusal to indemnify Rishell for his legal expenses associated with the Investigation and the State Court Action because (1) the conditions necessary for indemnification have not been satisfied, and (2) Rishell's request for advancement of legal fees is unreasonable.  (Docket Nos. 8 at pp. 5-16; 20 at pp. 3-9.)  In Puerto Rico, when an employment agreement references the company's bylaws, they are considered part of the contract.  See Sellosse v. Fund. Educ. Ana G. Mendez, 22 P.R. Offic. Trans. 498, 513-14 (P.R. 1988).  Plaintiff Rishell's employment contract explicitly states that defendant MCS would maintain indemnification provisions in its bylaws that were at least as good as the ones in place on the effective date of the contract.  (Docket No. 1-1 at p. 6 sec. 14.)  Thus, the Court will examine whether defendant MCS breached its bylaws pursuant to Puerto Rico law governing breach of contract.

"To properly assert a claim for breach of contract, a party must sufficiently allege (1) a valid contract, (2) a breach of that contract, and (3) resulting damages.  First Med. Health Plan, Inc. v. CaremarkPCS Caribbean, Inc., 681 F.Supp.2d 111, 116 (D.P.R. 2010) (internal citation omitted).  Neither party disputes

that the bylaws became a part of the valid employment contract. (See Docket Nos. 1, 8.)  The parties do dispute, however, the applicability of the bylaw governing indemnification of legal expenses and whether or not defendant MCS breached the bylaws when it refused to indemnify Rishell.

First, defendant MCS argues that bylaw 6.1 provides for indemnification only after a final disposition of the proceedings at issue, and it therefore does not apply to plaintiff's claims. (Docket No. 8 at p. 9.)  Plaintiff Rishell contends that bylaw 6.1 provides an immediate right to indemnification for liability and expenses incurred in connection with an applicable proceeding, and that it does not include a final resolution or success requirement. (Docket No. 26 at p. 8.)  Because plaintiff properly alleged that he has already incurred liability and expenses for proceedings contemplated by the bylaw, he argues, MCS's refusal to indemnify him for the same constitutes a breach of the bylaws.  Id. Bylaw 6.1 imposes an obligation on MCS to (1) "indemnify and hold harmless, to the fullest extent permitted by applicable law," (2) "any person who was or is made or is threatened to be made a party or who is otherwise involved in any action, suit or proceeding," (3) "against all liability and loss suffered and expenses (including attorney's fees) reasonably incurred," (4) "but only if such person acted in good faith and in a manner which he or

she reasonably believed was in the best interests of the
Corporation . . . ."  (Docket No. 1-2 at p. E-8, sec. 6.1.)
Bylaw 6.2, in contrast, obliges MCS to "pay the expenses (including
attorney's fees) incurred in defending any proceeding in advance of
its final disposition . . . ." Id. at sec. 6.2.

     Puerto Rico law requires enforcing the literal meaning of
the contract when the terms are unambiguous.  P.R. Laws Ann.
tit. 31, § 3471; see Entact Servs., LLC v. Rimco, Inc., 526
F.Supp.2d 213, 221 (D.P.R. 2007).  A contract is unambiguous when
it can "be understood in one sense alone, without leaving any room
for doubt, controversies or difference[s] of interpretation . . ."
Exec. Leasing Corp. v. Banco Popular de Puerto Rico, 48 F.3d 66, 69
(1st Cir. 1995) (quoting Catullo v. Metzner, 834 F.2d 1075, 1079
(1st Cir. 1987)).  When construing a contract in Puerto Rico, the
stipulations "should be interpreted in relation to one another,
giving to those that are doubtful the meaning which may appear from
the consideration of all of them together."  P.R. Laws. Ann.
tit. 31, § 3475; Entact Servs., LLC, 526 F.Supp.2d at 221-22
(D.P.R. 2007) (interpreting a car rental contract statement on
payment based on the other clauses in the contract).

     The Puerto Rico Supreme Court has not addressed corporate
indemnification.  Because the Puerto Rico Law of Corporations is
modeled after the Delaware Law of Corporations, the Court looks to

Delaware law for guidance when addressing the parties' arguments.
See Marquis Theatre Corp. v. Condado Mini Cinema, 846 F.2d 86, 91
(1st Cir. 1988) (looking to Delaware law to interpret Puerto Rico
law governing the business judgment rule); Wiley v. Stipes, 595 F.
Supp. 2d 179, 185 (D.P.R. 2005) (looking to Delaware law to
interpret Puerto Rico law governing demand futility in a
shareholder derivative action).

     After examining the contract as a whole, the Court
determines that the indemnification bylaw unambiguously requires a
final disposition of the proceeding for which expenses are sought.
Bylaw 6.1 provides indemnification rights only if the person
seeking such rights "acted in good faith and in a manner which he
or she reasonably believed was in the best interests of the
Corporation." (Docket No. 1-2 at p. E-8, sec. 6.1.) On its face,
this condition requires the party seeking indemnification to
establish that he acted in good faith with regard to the related
proceedings, which in turn presupposes a final disposition in the
proceeding that would allow a factfinder to determine whether good
faith was exercised. Moreover, the bylaw immediately subsequent to
6.1 explicitly provides for payment of expenses incurred during a
proceeding "in *advance* of its final disposition." Id. at sec. 6.2.
Bylaw 6.1, in contrast, does not contain language specifying that
indemnification is available "in advance of [] final disposition."

See 31 L.P.R.A. § 3475 ("The stipulations of a contract should be interpreted in relation to one another, giving to those that are doubtful the meaning which may appear from the consideration of all of them together.")   To the contrary, permitting a party to exercise his or her right to indemnification prior to a final disposition of the proceeding at issue would render the good faith requirement meaningless. See Majkowski v. Am. Imaging Mgmt. Serv., LLC, 913 A.2d 572, 586 n.34 (Del. Ch. 2006) (citing R. Franklin Balotti & Jesse A. Finklestein, Delaware Law of Corporations and Business Organizations § 4.24 (3d ed. 2006) for the proposition that "an indemnification dispute generally cannot be resolved until after the merits of the underlying controversy are decided because the good faith standard requires a factual inquiry into the events that gave rise to the lawsuit.")  Reading bylaw 6.1 in conjunction with the entire contract shows unambiguously that a final resolution is required in order to satisfy the good faith condition of the indemnification right.

Puerto Rico and Delaware corporate law also support this reading of the contract.  The language of bylaw 6.1 closely mirrors that of the Puerto Rico Law of Corporations provision concerning corporate indemnification.  See P.R. Laws Ann. tit. 14, § 5141. This provision specifically states that a corporation "may compensate any person who is" party to "any imminent, pending, or

resolved" proceeding.  Id. § 3568(a) (emphasis added).  Bylaw 6.1's language, in contrast, does not include the word "pending," indicating a narrower scope of applicability than that provided by section 3568(a).  Indeed, Delaware courts considering claims for corporate indemnification presuppose that a final disposition of an indemnifiable proceeding has occurred.  See Kaung v. Cole Nat. Corp., 884 A.2d 500, 509 (Del. 2005) ("Whether a corporate officer has a right to indemnification is a decision that must necessarily await the outcome of the investigation or litigation."); Paolino v. Mace Sec. Int'l., Inc., 985 A.2d 392, (Del. Ch. 2009) ("It is generally premature to consider indemnification prior to the final disposition of the underlying action.").

Because plaintiffs fail to allege that a final disposition of the Investigation or the State Court Action has occurred, or to put forth any facts supporting the conclusory allegation that Rishell acted in good faith, plaintiff's claim that MCS breached its bylaws fails.  At this time the Court does not find that defendant MCS breached its bylaws when it refused to indemnify plaintiff Rishell for legal expenses associated with the

Investigation and State Court Action, and plaintiff's claim is

**DISMISSED WITHOUT PREJUDICE.**[2]

C. **Count III: Plaintiff Rishell's Breach of Employment Contract Claim**

Additionally, plaintiff Rishell brings a breach of

contract claim against defendant MCS for failing to provide

plaintiff Rishell the indemnification rights that were in place at

the time of the formation of his employment agreement. (Docket

---

[2] The Court points out to plaintiffs that they again fail to allege that the expenses for which indemnification is sought were reasonable. "[A]ll contracts for advancement and indemnification are subject to an implied reasonableness term." Reddy v. Elec. Data Sys. Corp., No.CIV.A.19467, 2002 WL 1358761, at *5 (Del. Ch. 2002) (citing Citadel Holding Corp. v. Roven, 603 A.2d 818, 823 (Del. 2002)). The indemnification provision covers "all liability and loss suffered and expenses (including attorneys' fees) reasonably incurred by" the current or former director. (Docket No. 1-2 at p. E-8 sec. 6.1.) The reasonableness of an attorney's hourly rate is usually measured against what is typical in the local community, with allowances for increases for out-of-town specialists performing work that local attorneys are unable to do. Maceira v. Pagan, 698 F.2d 38, 40 (1st Cir. 1983). Recently, Puerto Rico lowered requested attorney's fees to $225 an hour for out-of-court work and $250 an hour for in-court work based on the market rates in the district. Crispin-Taveras v. Municipality of Carolina, No. 07-2017, 2012 WL 967413, at *3, *5 (D.P.R. 2012) (awarding legal fees for the prevailing lawyers in a 42 U.S.C. § 1983 case at reduced rates and decreased hours because it was unnecessary to have three lawyers on a "relatively straightforward police brutality case."); see also Guillemard-Ginorio v. Contreras, 603 F. Supp. 2d 301, 313–14, 316 (D.P.R. 2009) (finding that an hourly rate of $330 for out-of-court work and $350 for in-court work was reasonable for an extremely experienced Boston attorney appearing in an especially difficult political discrimination case, and noting that fees for paralegals are generally capped at $50 an hour in Puerto Rico). Thus, were the bylaws applicable at this stage, plaintiffs' claim would fail for lack of reasonableness.

No. 11 at pp. 17-18.)  As stated earlier, "[t]o properly assert a
claim for breach of contract, a party must sufficiently allege (1)
a valid contract, (2) breach of that contract, and (3) resulting
damages." First Med. Health Plan, Inc., 681 F. Supp. 2d at 116
(internal citation omitted).  The fact that defendant MCS and
plaintiff Rishell made the bylaws part of a valid employment
contract is not in dispute.  (See Docket Nos. 11, 8.)  The Court
found above, however, that the claim that defendant MCS breached
its bylaws fails to withstand the motion to dismiss.  Therefore,
plaintiff Rishell's breach of contract claim must also fail at this
time.  The Court accordingly **DISMISSES WITHOUT PREJUDICE** plaintiff
Rishell's breach of contract claim.

> **D.    Count IV: Plaintiff Rishell's Request for Declaratory
> Judgment**

        Plaintiff Rishell also requests that this Court issue a
declaratory judgment that he should be immediately indemnified and
held harmless in connection with the Investigation and State Court
Action.  (Docket No. 11 at pp. 18-19.)  The Declaratory Judgment
Act gives federal courts jurisdiction to issue declaratory
judgments.  28 U.S.C. § 2201.  It "confers a discretion on the
courts rather than an absolute right upon the litigant." Wilton v.
Seven Falls Co., 515 U.S. 227, 287 (1995).  It "created no new
rights, but rather created a new remedy with which to adjudicate

existing rights." <u>Universal Ins. Co. v. Office of Ins. Comm'r.</u>,
No. 12-1639, 2012 WL 4894668, at *4 (D.P.R. 2012) (quoting <u>Bourazak</u>
<u>v. N. River Ins. Co.</u>, 379 F.2d 530, 533 (7th Cir. 1967)).  District
courts have significant discretion when deciding whether a
declaratory judgment is appropriate. <u>De Novellis v. Shelala</u>, 124
F.3d 298, 312-14 (1st Cir. 1997).  In this case, declaratory
judgment is inappropriate because the plaintiffs fail to state a
claim upon which relief can be granted.  Accordingly, the Court
**DECLINES** to issue a declaratory judgment.

> **E.   Count V: Plaintiff Rishell's Claim for Fees on Fees**

Plaintiff Rishell requests an award of fees on fees for
the cost of filing and pursuing this action.  (Docket No. 11
at p. 19.)  Section 6.3 of MCS' bylaws states:

> If a claim for indemnification or payment of
> expenses under this Article is not paid in
> full within sixty (60) days after a written
> claim therefor has been received by the
> Corporation, the claimant may file suit to
> recover the unpaid amount of such claim and,
> if successful in whole or in part, shall be
> entitled to be paid the expense of prosecuting
> such claim.  In any such action the
> Corporation shall have the burden of proving
> that the claimant was not entitled to the
> requested indemnification or payment of
> expenses under applicable law.

(Docket No. 1-2 at p. E-8 sec. 6.3.)  Defendant MCS requests that
this claim be dismissed because it is dependent upon a successful
claim for breach of bylaws.  (Docket No. 8 at p. 18.)  The Court

agrees.  Defendant MCS was successful in "proving that the claimant
was not entitled to the requested . . . payment of expenses under
applicable law" at this time.  (<u>See</u> Docket No. 1-2 at p. E-8
sec. 6.3.)  Accordingly, the Court **DISMISSES WITHOUT PREJUDICE**
plaintiff Rishell's claim for fees on fees.

### F.    Count VI: Plaintiff Diana Rishell's Tort Claim

Plaintiff Diana Rishell brings a tort claim against both
defendants pursuant to article 1802 of the Civil Code to recover
her own damages resulting from defendants MCS and Munich's breach
of her husband's contract.  (Docket No. 11 at pp. 19-20.)
Defendants argue that because they do not owe plaintiff Diana
Rishell any legal duty, her tort claim must fail.  (Docket No. 14
at pp. 14-17.)  The Court found in the Advancement Action — and
continues to be of the mind — that plaintiff Diana Rishell could
claim damages pursuant to article 1802.  <u>See</u> <u>Rishell</u>, 925 F. Supp.
2d at 220 (citing <u>Muñiz-Olivari v. Stiefel Labs., Inc.</u>, 174 D.P.R.
813 (P.R. 2008)[3] for the proposition that "there is nothing to
prevent that third party, who is an outsider in the contractual

---

[3] In <u>Muñiz-Olivari v. Stiefel Labs., Inc.</u>, the federal court
submitted questions to the Puerto Rico Supreme Court through
interjurisdictional certification to clarify this exact issue.  The
Puerto Rico Supreme Court responded that damages for suffering and
mental anguish can be sought pursuant to a breach of contract claim
and that a non-party to the contract who the breach directly
affects can also seek damages.  Defendants submitted a certified
translation of the opinion to this Court in compliance with Local
Rule 5(g).  (Docket No. 8-4.)

relationship from which the damages claim arises, from claiming
compensation for his [or her] own damages pursuant to article 1802
of the Civil Code.").

        To establish a claim pursuant to article 1802, plaintiff
Diana Rishell must plausibly allege that:  (1) she has "suffered a
compensable moral (emotional) harm;" (2) defendants' tortious
conduct in breaching its contract with plaintiff Rishell is
responsible for the harm; and, (3) defendants "committed a tortious
act pursuant to the all-embracing definition we give tortious
actions in [Puerto Rico]." Santini Rivera, 137 D.P.R.; see also
P.R. Laws Ann. tit. 31, § 5141.  As discussed above, plaintiffs'
complaint fails to plausibly allege that defendant MCS breached
plaintiff Rishell's employment contract.  Without a plausible
allegation of a breach of contract, therefore, there can be no
valid allegation of tortious conduct.  Plaintiff Diana Rishell's
claim pursuant to article 1802 must fail, and is **DISMISSED WITHOUT
PREJUDICE.**

**IV.   ATTORNEY'S FEES**

    Puerto Rico Rule of Civil Procedure 44.1 regarding awards of
attorney's fees is substantive law to be applied by the United
States District Court sitting in diversity cases.  De Leon Lopez v.
Corporacion Insular de Seguros, 931 F.2d 116, 126 (1st Cir. 1991).
Rule 44.1 allows a district court to hold a "losing party who has

been 'obstinate' during the course of a lawsuit" liable for its
adversary's attorney's fees.   Id.; P.R. Laws Ann. tit. 32,
App. III, Rule 44.1(d).  To find that a party has been obstinate,
the Court must determine that party "to have been unreasonably
adamant or stubbornly litigious, beyond the acceptable demands of
the litigation, thereby wasting time and causing the court and the
other litigants unnecessary expense and delay." De Leon Lopez, 931
F.2d at 126.

    The Court finds that plaintiffs' pursuit of repetitive,
piecemeal litigation qualifies as obstinate litigation.  In this
case, plaintiffs stubbornly attempted again to demand more
attorney's fees while their previous complaint, seeking similar
relief, remained pending.  Once their previous complaint was
dismissed with prejudice, plaintiffs filed an amended complaint in
this case that largely repackaged the same claims, without
resolving many of the defects in their previous pleadings, of which
plaintiffs had ample notice.  This litigation has generated
additional legal expenses — from attorneys billing at rates well
above the local average — that plaintiffs tack onto the relief
sought from defendants. Plaintiffs' filings in this case constitute
a premature, barefaced attempt to recover extravagant legal
expenses to which they are not entitled.  They have wasted the time
of this Court and opposing parties, and caused "unnecessary expense

and delay." <u>De Leon Lopez</u>, 931 F.2d at 126.  Accordingly, pursuant to Rule 44.1, the Court awards attorney's fees to defendants in the amount of $5,000.

**IV.  CONCLUSION**

For the reasons expressed above, the Court **GRANTS** defendants' motion to dismiss for failure to state a claim.  Count I is **DISMISSED WITH PREJUDICE**; Counts II, III, V, and VI are dismissed **WITHOUT PREJUDICE**.  The Court **DECLINES** to issue a declaratory judgment as sought in Count IV.  This case is **DISMISSED** in its entirety.  Plaintiffs are further ordered to pay defendants attorney's fees in the amount of $5,000.  Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, November 14, 2013.

<u>s/ Francisco A. Besosa</u>
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE